IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**RICHARD M. HARTIG and BRIDGET HARTIG, husband and wife.**

vs.                                               CASE NO. 3:02cv170/RV

**BAYER CORPORATION, MILES LABORATORIES, a Division of Bayer Corporation, CHATTEM, INC., and ECKERD CORPORATION.**
_____/

### ORDER

Pending are the motions to dismiss and motions to strike of Defendant Eckerd Corporation (Doc. 4) and Defendant Chattem, Inc. (Doc. 8).

In this products liability case, Plaintiffs Richard M. Hartig and Bridget Hartig sue the defendants, alleging injury as a result of ingesting a product containing the drug phenylpropanolamine ("PPA"). Defendants Eckerd Corporation and Chattem, Inc. move to dismiss, or in the alternative to strike, plaintiffs' complaint. For the purposes of these motions, the factual allegations in the complaint will be taken as true.

**I.    BACKGROUND**

The plaintiffs Richard M. Hartig and Bridget Hartig, husband and wife, are Florida residents. Defendants Bayer Corporation and Miles Laboratories, a division of Bayer Corporation, manufactured, marketed, and distributed the over-the-counter cold medicine, Alka-Seltzer Plus Cold. Defendant Chattem, Inc. ("Chattem") manufactured, marketed, and distributed Dexatrim, a non-prescription diet medication. Defendant Eckerd Corporation ("Eckerd") distributed and sold at retail both Alka-Seltzer Plus Cold medicine and Dexatrim. Both Alka-Seltzer Plus and Dexatrim contain PPA, a synthetic sympathomimetic drug, which has been available in the United States since at least

1937. When the Food and Drug Administration ("FDA") was formed in 1938 to regulate the safety and effectiveness of medicines, PPA did not have to meet the FDA's testing requirements because PPA had already been on the market for a number of years. However, in the early 1970's the FDA initiated a review of all over-the-counter drugs to determine their safety. The FDA did not confer a safe and effective status for PPA because of reports of some adverse side effects associated with the drug. The FDA has allowed products containing PPA to remain on the market.

The plaintiffs allege that Richard M. Hartig purchased and ingested Alka-Seltzer Plus Cold medicine and Dexatrim in December 1997, which has resulted in his suffering a hemorrhagic stroke on December 24, 1997, with permanent brain damage. As a result, the plaintiffs filed a five-count complaint in the Circuit Court for Escambia County, alleging causes of action for strict liability based on defective design (Count I), strict liability based on a failure to warn (Count II), negligence (Count III), fraudulent misrepresentation and fraudulent concealment (Count IV), and breach of warranty (Count V). The defendants removed the case to this court, and in October 2002, this case was transferred to the United States District Court for the Western District of Washington, pursuant to order of the Multi-District Litigation Panel. The case has now been remanded back to this Court from the MDL Transferee Court for final disposition. The defendants' motions to dismiss, filed before transfer to the MDL Panel, are now pending in this Court.[1]

## II.   DISCUSSION

### A.   Eckerd's Motion to Strike Paragraphs (8) through (40) of the Complaint

The plaintiffs' complaint includes a section titled "Facts Applicable to All Counts," which is comprised of paragraphs (8) through (40) of the Complaint. Eckerd moves to strike these paragraphs, or alternatively to dismiss the complaint, arguing

---

[1] The plaintiff also filed a motion to remand before the case was transferred to the MDL Panel, but the MDL court denied plaintiffs' remand motion.

Case No.:3:02-cv-170/RV

that paragraphs (8) through (40) contain plaintiffs' recitation of the history of PPA and constitute the "pleading of evidence, which is prohibited by Rule 8 of the Federal Rules of Civil Procedure."[2] However, it should be noted that only paragraphs (10) through (28) involve allegations regarding the history of PPA. The remaining paragraphs in this fact section are comprised of allegations directly involving either the defendants or the plaintiffs. Therefore, only nineteen paragraphs of the complaint, or three pages, constitute background and historical information.

Rule 8 of the Federal Rules of Civil Procedure requires a party to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Further, subsection (e) of Rule 8 states, "each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e). Thus, it is well established that the pleading standards of Rule 8 simply require a plaintiff to give the defendant fair notice of what the plaintiff's claim is and set out the basic factual allegations necessary to state the elements of a cause of action. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).

However, Eckerd argues that the plaintiffs went beyond these minimum requirements and pled evidentiary matters which are not relevant to the plaintiffs' claims. Initially, it should be noted that the Federal Rules of Civil Procedure do not distinguish between "ultimate facts" or "evidentiary facts" in requiring a pleading to set forth a short and plain statement of the claim. Thus, while it is not *necessary* to plead detailed evidentiary facts supporting a claim, Rule 8 also does not prohibit doing so.

Moreover, allegations which supply background or historical material, or which

---

[2] Eckerd also complains that paragraphs (8) through (40) of the complaint are not "comprised of undisputed, accurate or uncontested facts." See Motion to Dismiss, p.2, ¶7. However, there is no requirement that a plaintiff allege only undisputed and uncontested facts in a complaint. Instead, on a motion to dismiss, the court must generally accept all of the alleged facts as true. See, e.g., Cruz v. Beto, 405 U.S. 319, 92 S. Ct. 1079, 31 L. Ed. 2d 263 (1972).

Case No.:3:02-cv-170/RV

constitute evidentiary details, will generally not be stricken unless unduly prejudicial to the defendant. In re Beef Industry Antitrust Litigation, 600 F.2d 1148 (5th Cir. 1979); Augustus v. Board of Public Instruction of , 306 F.2d 862, 868 (5th Cir. 1962)(holding that "a motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy."); Mitchell v. Hart, 41 F.R.D. 138 (2d Cir. 1966). Therefore, facts alleged in a complaint generally will not be dismissed or stricken unless the defendant cannot frame a response because the complaint is too lengthy or confusing. See e.g., Martin v. Warrington, 2002 WL 341000 (E.D. Pa. 2002)(holding that a court should not strike allegations in a complaint unless the pleading is "so confused, ambiguous, vague or otherwise unintelligible that its true substances, if any, is well disguised.'"); Thomson v. Olson, 866 F. Supp. 1267 (D. N.D. 1994)(striking a 150-page complaint where complaint is "a labyrinthian prolixity of unrelated and vituperative charges that defies comprehension.")

      Here, the background information in paragraphs (10) through (28) regarding the history of the PPA and the United States Food and Drug Administration is relevant to at least some of the plaintiff's claims to show, among other things, the regulatory process regarding PPA and the regulatory environment in which the PPA products are marketed. Further, Eckerd does not contend that the factual allegations prejudice it anyway. To the extent that the facts alleged are false or disputed, the defendants may appropriately address that in discovery and through a summary judgment motion. Accordingly, Eckerd's motion to strike the factual section of the complaint must be denied.

      B.    <u>Motion to Dismiss Standard</u>

      A motion to dismiss for failure to state a claim cannot be granted unless the complaint alleges no set of facts, which, if proved, would entitle the plaintiff to relief. See, e.g., Blackston v. Alabama, 30 F.3d 117, 120 (11th Cir. 1994). On a motion to dismiss, the court must accept all of the alleged facts as true and find all inferences from those facts in the light most favorable to the plaintiff. See, e.g., Cruz v. Beto,

405 U.S. 319, 92 S. Ct. 1079, 31 L. Ed. 2d 263 (1972); Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994).

      C.      Commingling of Allegations Against the Defendants

Both Eckerd and Chattem argue that the complaint should be dismissed because the plaintiffs have grouped all of the defendants together in each count of the complaint, without identifying which specific acts the plaintiffs allege each defendant committed.[3] Therefore, the defendants contend that each individual defendant is unable to answer the complaint since it is not clear which claims were asserted against which of the defendants.

Plaintiffs complaint identifies Bayer Corporation, Miles Laboratories, and Chattem. Inc. as the "Manufacturing Defendants," while Eckerd is the sole "Distributer Defendant." In paragraph (7) of the complaint, under the heading "General Allegations," plaintiffs separately identify the tortious acts which they allege Eckerd Drugs committed, including marketing, promoting, selling and distributing the drugs, but not producing or manufacturing the drugs. Nevertheless, the allegations of Counts I, II, III, and V of the complaint include Eckerd Corporation with all of the other defendants, and allege that all of the defendants manufactured, as well as sold, distributed, supplied, marketed, and promoted, Alka-Seltzer Plus Cold and/or Dexatrim. Thus, grouping all of the defendants together in each count makes the complaint internally inconsistent.

Further, each Count of the complaint groups all of the manufacturing defendants together, even though the complaint alleges that Bayer Corp. and Miles Laboratories manufactured Alka-Seltzer Plus Cold, while Chattem manufactured Dexatrim. For example, Count III, asserting a Negligence claim, includes all of the defendants, and

---

[3] Chattem only argues that Count III, the negligence claim, should be dismissed on this basis. Also, it should be noted that plaintiffs do not include Eckerd as a defendant in Count IV of the complaint, which alleges fraudulent misrepresentation and fraudulent concealment.

alleges:

> Defendants, directly or indirectly, negligently and/or defectively made, created, manufactured, assembled, designed, sterilized, tested, labeled, supplied, packaged, distributed, promoted, marketed, advertised, warned, and/or sold, in the state of Florida, the drugs Alka-Seltzer Plus Cold and/or Dexatrim.

Count III, and the other Counts of the complaint, are replete with additional allegations grouping all of the defendants together and not specifying which act each individual defendant allegedly committed. While the Federal Rules of Civil Procedure do not require a heightened level of detail in a complaint, the complaint must afford each of the defendants "fair notice" of the claims being asserted against it. Swierkiewicz v. Sorema N.A., supra, 534 U.S. at 512, 122 S. Ct. 992.

As alleged, the complaint does not give each defendant fair notice of the role it or its product is specifically alleged to have played in causing plaintiffs' injuries. See e.g, Parker v. Brush Wellman, Inc., 377 F. Supp. 2d 1290 (N.D. Ga.,2005)("In multiparty litigation, moreover, the Federal Rules do not permit a party to aggregate allegations against several defendants in a single, unspecific statement, but instead require the pleader to identify (albeit generally) the conduct of each defendant giving rise to his claims.); Veltmann v. Walpole Pharmacy, Inc., 928 F. Supp. 1161, 1164 (M.D.Fla.1996))(same).

It is the policy of this court to try to keep the pleadings professional and in accordance with the Rules of Procedure. The allegations should be distinct with respect to each separate claim and each separate defendant. The plaintiffs' complaint does not do this. Therefore, the complaint will be dismissed and the plaintiffs given the opportunity to redraft it in an amended complaint.

### D.  Failure to State a Cause of Action against Eckerd

The plaintiffs assert claims against Eckerd under theories of strict products liability, negligence, and breach of warranty. While the complaint alleges that Eckerd sold Alka-Seltzer Plus Cold medicine and Dexatrim, the plaintiffs fail to allege in any

of the counts that Hartig actually purchased the drugs from Eckerd.  Thus, as noted by the MDL Transferee Court in deciding the plaintiffs' motion to remand, the plaintiffs have failed to allege any connection between Hartig and Eckerd.[4] See Order Denying Motion to Remand, dated April 25, 2003, p.3.  Without this connection, plaintiffs have not alleged that Hartig's injuries were proximately caused by Eckerd, and therefore, the plaintiffs have failed to state a claim against Eckerd.  See, Liggett Group, Inc., 853 So. 2d 434, 467 n.46 (Fla. 3d DCA 2003)("It is aphoristic that a plaintiff cannot prevail on claims for negligence, breach of warranty or strict liability, unless the plaintiff establishes that the product which allegedly caused the plaintiff's injury was manufactured or sold by the defendant). See e.g, In re Rezulin Prods. Liab. Lit., 133 F. Supp. 2d 272, 291 (S.D.N.Y. 2001)(holding that the complaint must allege that the defendants sold or supplied [PPA] to the plaintiffs.)

Accordingly, Eckerd's motion to dismiss on this basis must be granted.

D.    Venue

Eckerd also argues that the complaint must be dismissed because the plaintiffs have failed to properly allege the ultimate facts upon which venue rests.  However, Eckerd's argument is precluded by the Eleventh Circuit's decision in Hollis v. Florida State University, 259 F.3d 1295 (11th Cir. 2001).  In that case, the Eleventh Circuit noted that Title 28, United States Code, Section 1441 provides that the venue of a removed action is "the district and division embracing the place where such action is pending." Id. at 1299.  Therefore, Section 1441 provides the venue requirements, rather than state law venue statutes or even the general federal venue statute - - - Section 1391 of Title 28, United States Code. Id. The Eleventh Circuit held,

> "In removed actions the general venue provision, 28 U.S.C. §1391, does not apply.  Instead, §1441(a), by requiring removal to the district court for the district in which the state action is pending, properly fixes the

---

[4] The MDL Transferee Court concluded that Eckerd was fraudulently joined in this action in order to defeat diversity jurisdiction.
Case No.:3:02-cv-170/RV

federal venue in that district.  Thus, once a case is properly removed to federal court, a defendant cannot move to dismiss on §1391 venue grounds."

Id. (citing Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 73 S. Ct. 900, 97 L. Ed. 1331 (1953).  Since this action was pending in state court in Escambia County, Florida, when the defendants removed it to this court, and the Pensacola Division of the Northern District of Florida is the division of the district embracing Escambia County, venue is proper in this court.

     E.     Punitive Damages

Defendants also move to strike that portion of the plaintiffs' complaint alleging punitive damages against the "Manufacturing Defendants."  In support of this motion, defendants cite Section 768.72 of the Florida Statutes, which provides, "(i)n any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages."  In support of their claim for punitive damages, plaintiffs allege that the defendants' actions were "intentional, malicious, willful, wanton and [in] reckless disregard for the rights and safety of the Plaintiffs." Compl. ¶¶72 - 75.  The defendants argue that the plaintiffs' request for punitive damages does not meet the evidentiary support requirement of Section 768.72.

However, in Cohen v. Office Depot, Inc., 184 F.3d 1292, 1295 (11th Cir. 1999), the Eleventh Circuit held that, despite the substantive nature of the statute and the procedural limitations of the Rules Enabling Act upon any substantive application of the Federal Rules of Civil Procedure, the requirements of Section 768.72 are inapplicable in federal diversity cases.  The Cohen Court held that Section 768.72 conflicts with Federal Rule of Civil Procedure 8(a)(3), which requires a pleader to set forth "a concise statement identifying the remedies and the parties against whom relief is sought . . ." Id. at 1297(quoting Fed. R.Civ.P. 8(a)(3)).  Cohen is controlling upon

this Court.  Therefore, the motion to strike plaintiffs' request for punitive damages must be denied.

### F.    Counts I and II for Strict Liability

Chattem argues that Counts I and II of the plaintiffs' complaint should be dismissed because these Counts are redundant and duplicative.  Count I of the complaint alleges a strict liability "defective design" claim against the defendants. Count II alleges a strict liability "failure to warn" claim.  Particularly, Chattem does not contend that Florida law does not recognize both causes of action, but instead asserts that Count I for defective design, as plead in the complaint, actually alleges a "failure to warn" claim.

Under Florida law, two tests are used to determine whether a plaintiff has established a strict liability design defect claim:  The first, the consumer-expectation test,  looks at whether a product failed to perform as safely as an ordinary customer would expect when used in an intended or reasonably foreseeable manner.  The second, the risk-utility test, inquires whether a product's design proximately caused the injury and the defendant fails to establish, in light of the relevant factors, that the benefits of the challenged design outweigh the risk of the danger inherent in such design.  Force v. Ford Motor Co., supra, 879 So.2d at 106. See also Adams v. G.D. Searle & Co., 576 So. 2d  728, 733 (Fla. 2d DCA 1991)(risk-utility test weighs a product's benefits against its known risks); Cassisi v. Maytag Co., 396 S. 2d 1140, 1145 (Fla. 1st DCA 1981)(risk-utility test weighs the utility of the design versus the magnitude of the inherent risk).  This theory does not consider the warning given to the consumer by the manufacturer, and Florida courts have recognized that even if a warning was adequate as a matter of law, a plaintiff may still assert a strict liability defective design claim. See Brown v. Glade & Grove Supply, Inc., 647 So. 2d 1033 (Fla. 4th DCA 1994).

On the other hand, a  strict liability failure to warn claim, to the extent it may

be recognized in Florida, requires proof that "the defendant did not adequately warn of a particular risk that was known or knowable in light of the generally recognized and prevailing best scientific and medical knowledge available at the time of manufacture and distribution." See Griffin v. Kia Motors Corp., 843 So. 2d 336, 339 (Fla. 1st DCA 2003)(quoting Ferayorni v. Hyundai Motor Co., 711 So. 2d 1167, 1172 (Fla. 4th DCA 1998).

Here, Count I of the plaintiffs' complaint for strict product liability based on defective *design* alleges both the consumer-expectation and the risk-utility theory of liability. For example, the plaintiffs allege in paragraph (44) that the product was defective in design because of the following reasons:

> "(a) When placed in the stream of commerce, the drugs contained unreasonably dangerous design defects and were not reasonably safe as intended to be used, subject Plaintiff to risks which exceeded the benefits of the drugs;
> (b) When placed in the stream of commerce, they were defective in design and formulation, making use of the drugs more dangerous than an ordinary consumer would expect and more dangerous than other risks associated with weight loss or alleviation of cold symptoms;
> (c) They were insufficiently tested;
> (d) They were marketed to be used in a way which was known to the Defendants to cause harmful side effects which outweighed any potential utility."

The defendants rely solely on the last paragraph quoted above, and specifically the use of the word "marketed," to argue that the plaintiffs' entire defective design claim is duplicative of plaintiffs' failure to warn claim. However, looking at Count I in its entirety, plaintiffs have sufficiently plead a defective design claim under Florida law, and this claim does not rely on the defendants' alleged failure to warn, as claimed in Count II. Thus, Count I and Count II are not redundant, and Chattem's motion to dismiss Count I and Count II of the plaintiffs' complaint on that basis must be denied.

### G.   Count IV - Failure to Plead Fraud with Particularity

Chattem moves to dismiss Count IV of the complaint, arguing that the plaintiffs

have failed to plead fraud with the heightened specificity required by Rule 9(b), Federal Rules of Civil Procedure. Count IV alleges that defendants fraudulently misrepresented and fraudulently concealed, to the plaintiffs and to the general public, material and adverse information regarding the safety and effectiveness of the drugs Alka-Seltzer Plus Cold and Dexatrim. The plaintiffs further allege that the defendants committed this fraudulent misrepresentation through "labeling, advertising, product inserts, promotional materials, or other marketing efforts by underreporting serious side effects." Compl, ¶63.

Rule 9(b) of the Federal Rules of Civil Procedure provides, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity ." Fed. R. Civ. P. 9(b). Rule 9(b) serves the important purpose of "alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." U.S. ex rel. Clausen v. Laboratory Corp. of America, Inc., 290 F.3d 1301, 1310 (11th Cir. 2002). Thus, in order to ensure that the defendants are alerted to the precise misconduct with which they are charged, the plaintiffs must set forth: (1) precisely what statements (or omissions) were made; (2) the time and place each statement or omission was made and who was responsible for making it; (3) the substance of the statements or omissions and the manner in which they misled the plaintiff; and (4) what the defendants obtained as a consequence of the fraud. Brooks v. Blue Cross Blue Shield of Florida, Inc., 116 F.3d 1364, 1370-71 (11th Cir. 1997).

Count IV of the plaintiffs' complaint does not meet this heightened standard. Rather, plaintiffs' complaint pleads generally that the defendants' advertising, labeling, product inserts, promotional materials, and other marketing efforts contained fraudulent misrepresentations concerning the side effects of the PPA containing products. It does not say precisely what statements or omissions were made; it gives no particularity with regard to time and place; and it does not indicate how the plaintiffs were misled by the statements or what the defendants obtained in

consequence of the alleged fraud. See e.g., In re: Phenylpropanloamine (PPA) Products Liability Litigation, 2005 WL 2207037 (W.D. Wash. 2005)(requiring plaintiffs to plead such facts as the precise misrepresentations or omissions made, the time, place, and manner in which they were made, and their reliance upon the alleged misrepresentation, such as where, when and how they became aware of such alleged misrepresentations.)  Without such specifics, Count IV fails to meet the heightened pleading standard of Rule 9(b). Further, in alleging fraud with specificity it is especially important that the plaintiffs separate the claims against each manufacturing defendant to identify the time, place, and manner of the fraud for each individual defendant. Therefore, Count IV of the complaint must be dismissed for failure to plead fraud with particularity.

    H.    Count V - Breach of Warranty

In Count V of the complaint, plaintiffs assert a claim for breach of an implied and express warranty.  However, as Chattem points out, Florida does not recognize a viable claim for breach of express or implied warranty when the consumer purchases a product from a third party. Intergraph Corp. v. Stearman, 555 So.2d 1282, 1283 (Fla. 2d DCA 1990). See also Kramer v. Piper Aircraft Corp., 520 So. 2d 37, 39 (Fla. 1988)(holding that once Florida recognized a strict liability cause of action in products liability cases, it abolished the no-privity breach of implied warranty cause of action.) Therefore, a plaintiff must allege privity in order to state a claim for either express or implied warranty. Id. See also, T.W.M. v. American Medical Systems, Inc., 886 F. Supp. 842 (N.D. Fla. 1995); Barrow v. Bristol-Myers Squibb, 1998 WL 812318 (M.D.Fla. 1998). "A warranty, whether express or implied, is fundamentally a contract.  A contract cause of action requires privity." Elizabeth N. v. Riverside Group, Inc., 585 So. 2d 376, 378 (Fla. 1st DCA 1991).

Here, the complaint fails to allege privity between the plaintiffs and any of the defendants.  Accordingly, Chattem's motion to dismiss Count V of the complaint must be granted.

Case No.:3:02-cv-170/RV


## IV.    CONCLUSION

For the foregoing reasons, Defendant Eckerd's motion to dismiss (Doc. 4) and Defendant Chattem, Inc.'s motion to dismiss (Doc. 8) are GRANTED because the plaintiffs have commingled the defendants in each count of the complaint.  Further, Eckerd's motion to dismiss is GRANTED because the plaintiffs have failed to state a cause of action against Eckerd, and Eckerd is dismissed as a defendant on this basis.  Chattem, Inc.'s motion to dismiss Count I and Count II of the complaint, on the basis that they are duplicative is DENIED; the defendants' motion to strike the plaintiffs' request for punitive damages is DENIED;  Eckerd's motion to strike the factual section of the complaint is DENIED; Chattem, Inc's motion to dismiss Count IV of the complaint for failure to plead fraud with particularity is GRANTED; and Chattem, Inc's motion to dismiss Count V of the complaint for failure to allege privity is GRANTED.

Therefore, because the plaintiffs have commingled the defendants and failed to state a cause of action against Eckerd, the plaintiffs' entire complaint will be dismissed, but the plaintiffs are granted leave to file an amended complaint in accordance with this Order within fourteen days, in lieu of which the dismissal shall be with prejudice.

DONE and ORDERED this 4th day of October, 2005.

*/s/ Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**